**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                         **:**

**In re**                                 **:**        **Chapter 11**
                                           **:**

**ENRON CORP., et al.,**            **:**        **Case No. 01-16034 (AJG)**
                                           **:**

                                         **:**        **Jointly Administered**
                                           **:**

              **Debtors.**           **:**
-------------------------------------------------------------   **x**

### ORDER PURSUANT TO SECTION 363(b)(1) OF THE BANKRUPTCY CODE APPROVING AND AUTHORIZING KEY EMPLOYEE RETENTION PROGRAM AND AUTHORIZING ADMINISTRATIVE EXPENSE PRIORITY FOR INDEMNIFICATION CLAIMS ARISING FROM POSTPETITION SERVICES OF DIRECTORS AND OFFICERS <u>PURSUANT TO SECTIONS 503(b) AND 507 OF THE BANKRUPTCY CODE</u>

Upon the motion, dated March 29, 2002 (the "Motion"), of Enron Corp.

and its affiliated debtor entities, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"), for an order pursuant to section

363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") approving and

authorizing a Key Employee Retention Program (the "KERP") and authorizing

administrative expense priority for indemnification claims arising from postpetition

services of directors and officers pursuant to sections 503(b) and 507 of the Bankruptcy

Code; and the Court having jurisdiction to consider and determine the Motion in

accordance with 28 U.S.C. § 1334; and due notice of the Motion and the hearing thereon

having been provided; and the Court having held a hearing on April 16, 2002 (the

"Hearing") to consider the Motion and all objections thereto with the appearances of all

parties in interest having been noted in the record; and the Court rendered its decision on

the record at the Hearing; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the KERP, as described in the Motion, is authorized and

approved to the extent set forth below; and it is further

ORDERED that the retention and severance components of the KERP are

approved; and it is further

ORDERED that the examiner for Enron North America (the "ENA

Examiner") shall participate in the Debtors' Management Committee's determinations of

amounts to be paid to KERP participants from the liquidation incentive pool (the "LIP")

of the KERP, and the Liquidation Incentive Component of the KERP is approved on that

basis; and it is further

ORDERED that the Debtors' Management Committee shall notify the

ENA Examiner of the reallocation of any portion of a Retention Participant's Retention

Payment (as such terms are defined in the KERP) forfeited under the terms of the KERP

in the same manner provided for in Section VI(D) of the KERP with respect to the

Creditors' Committee; and it is further

ORDERED that the scope of the ENA Examiner's duties is expanded to

incorporate his duties under the preceding paragraphs; and it is further

ORDERED that the allocation of the cost of the KERP to each Debtor

shall be included in the proposed overhead allocation that the Debtors shall propose to the

Court after consultation with the ENA Examiner; and it is further

ORDERED that the releases of avoidance actions provided for in the

KERP are not approved; provided, however, the Debtors may request their approval in a

motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure naming each releasee, the amount received, and identifying whether the person is an insider, and provided further that if the person is an insider the examiner to be appointed for Enron Corp. shall give priority to determining whether there is any reason not to release the person; and it is further

ORDERED that, subject to the foregoing, the Debtors are authorized to take all action necessary to fully implement and carry out the KERP as described in the Motion, provided however, that: (i) no payments provided under the KERP shall be made to any KERP participant who does not execute an agreement representing that he or she has not sold the Debtors' shares in violation of the insider trading rules provided under Section 10(b) 5 of the Securities Exchange Act of 1934 and agreeing to disgorge any amounts paid under the KERP should such representation later be proved false; (ii) no person named as a defendant in the pending consolidated actions of <u>Newby, et al</u>. v. <u>Enron Corp., et al.</u> and <u>The Regents of the University of California, et al.</u> v. <u>Lay, et al.</u> Civil Action No. H –01-3624 (S.D. Tex.) has been made a participant of the KERP; (iii) no person identified as a wrongful actor in the "Report of Investigation by the Special Investigative Committee of the Board of Directors of Enron Corp." dated February 1, 2002, has been made a participant in the KERP; and (iv) KERP participants shall be required to disgorge all payments made under the KERP to the extent that any KERP participant is later adjudged by a court of competent jurisdiction to have engaged in acts of dishonesty or other willful misconduct detrimental to the interests of the Debtors, and it is further

ORDERED that any obligations of the Debtors under or in connection with the KERP shall be deemed allowed administrative expense claims under section 503(b)(1)(A) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to extend to their current and future officers and directors their right to indemnification, provided for under the Articles of Incorporation of the Debtors, the Oregon Business Corporation Act and other applicable law, for claims and lawsuits based solely on their postpetition services; and it is further

ORDERED that such postpetition indemnification claims shall be entitled to administrative expense priority under sections 503(b) and 507 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to advance to any current or future officer and director the costs of defending against any claim or lawsuit raised against such officer or director arising solely from postpetition services, to the extent that such advancement would be authorized under the Articles of Incorporation of the Debtors, the Oregon Business Corporation Act and other applicable law, without further order of this Court, and it is further

ORDERED that nothing herein shall be deemed to provide

indemnification to the Debtors' officers and directors beyond what is authorized under

the Articles of Incorporation, Oregon law or other applicable law.


Dated:   New York, New York
         May 8, 2002


                                **s/Arthur J. Gonzalez**
                                UNITED STATES BANKRUPTCY JUDGE