**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
ENRON CORP., et al.,                          :    Case No. 01-16034 (AJG)
                                              :
                                              :    Jointly Administered
                   Debtors.                   :
-----------------------------------------------------------------x
```

**ORDER PURSUANT TO BANKRUPTCY
RULES 2002(a)(7), 2002(l), AND 3003(c)(3) ESTABLISHING
DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING
THE FORM AND MANNER OF PROVIDING NOTICE THEREOF**

Upon consideration of the motion, dated July 30, 2002 (the "Motion"), of Enron Corp. ("Enron") and its affiliated debtor entities, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for an order pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002(a)(7), 2002(l), and 3003(c)(3), establishing deadlines for filing proofs of claim and approving the form and manner of providing notice thereof, all as more fully set forth in the Motion; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and it appearing that (i) establishment of dates by which creditors must assert Claims[1] against the Debtors or be forever barred from voting on any plan of reorganization or participating in any distributions from the Debtors' estates in accordance with the authority granted to this Court by the Bankruptcy Code and the Bankruptcy Rules is necessary for the prompt and efficient administration of these

---

[1] Capitalized terms otherwise not defined herein shall have the meanings ascribed to them in the Motion.

chapter 11 cases and to protect the interests of the Debtors, their creditors and other parties in interest herein, and (ii) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY

ORDERED that the relief requested in the Motion is authorized and approved in all respects; and it is further

ORDERED that, pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against a Debtor that arose prior to such Debtor's respective Petition Date, shall file an original, written proof of such claim which substantially conforms to Exhibit "C" for Employees and Exhibit "D" for all other creditors (together, the "Proof of Claim"), which forms are hereby approved, or Official Form No. 10, so as to be received on or before the applicable bar date (as set forth in the next two (2) decretal paragraphs, the "Bar Date") at the appropriate destination either by mailing their original proof of claim to <u>United States Bankruptcy Court- S.D.N.Y., Enron Claims Docketing Center, P.O. Box 5104, Bowling Green Station, New York, New York 10274-5104</u>, or by delivering the original proof of claim by messenger or overnight courier to <u>United States Bankruptcy Court- S.D.N.Y., Enron Claims Docketing Center,</u>

Mega Case Unit, One Bowling Green, New York, New York 10004-1408 (collectively, the "Enron Claims Docketing Center"); and it is further

ORDERED that, for claims asserted against those Debtors listed in Exhibit "A" to the Motion, October 15, 2002 at 5:00 p.m. (New York City Time) shall be the last date and time by which Proofs of Claim relating to these Debtors may be filed; and it is further

ORDERED that, subject to the notice procedures set forth herein, the Bar Date applicable to any Debtors or subsequently-filed debtors that file their respective Schedules subsequent to July 31, 2002 shall be 5:00 p.m. (New York City Time) on the last business day of the month that is two (2) months after the date of such filing; and it is further

ORDERED that the Debtors shall mail, on or before August 16, 2002, the Bar Date Notice for those Debtors listed on Exhibit "A" to the Motion, in accordance with the notice procedures set forth herein; and it is further

ORDERED that the Bar Date Notice for each Bar Date shall be filed with the Court in accordance with this Court's Amended Case Management Order, dated February 26, 2002; and it is further

ORDERED that Proofs of Claim will be deemed timely filed only if actually received by the Enron Claims Docketing Center on or before the applicable Bar Date; and it is further

ORDERED that the Enron Claims Docketing Center shall not accept Proofs of Claim sent by facsimile, telecopy, or electronic mail; and it is further

ORDERED that, notwithstanding the foregoing, the following persons or entities are <u>not</u> required to file a proof of claim:

a. any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against a Debtor utilizing a claim form which substantially conforms to the Proof of Claim or Official Form No. 10;

b. any person or entity (i) whose Claim is listed on any of the Schedules **and** (ii) whose Claim is **not** described as "disputed," "contingent," or "unliquidated," **and** (iii) who does not dispute the amount or nature of the Claim for such person or entity as set forth in Schedules;

c. any person or entity having a Claim under section 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 case;

d. any person or entity whose Claim has been paid by the Debtors;

e. any person or entity that holds an interest in any Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest. However, interest holders who wish to assert Claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including Claims arising out of or relating to the sale, issuance, or distribution of the interest, must file proofs of claim on or before the Bar Date, unless another exception identified herein applies;

f. any person or entity that holds a Claim against the Debtors that has been allowed by an order of this Court entered on or before the Bar Date;

g. any person or entity that holds a Claim solely against any of the Debtors' non-debtor affiliates;

h. a Debtor or majority owned non-debtor subsidiary of any of the Debtors that holds a Claim against another Debtor;

i. any person or entity that holds a Claim solely against any Debtor that has not yet filed its Schedules;

j. any person or entity whose claim is limited exclusively to a claim for the repayment by the applicable Debtor of principal and interest (a "Debt Claim") under notes or other debt instruments issued by such Debtor pursuant to an indenture (collectively, the "Notes") or the indenture in respect of any of such Notes (the "Indentures"); provided, however, that (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustees under each of the Indentures (the "Indenture

Trustees"), (ii) each of the Indenture Trustees shall be required to file a proof of claim on account of the applicable Notes and Indentures for which it is trustee, on or before the Bar Date, and (iii) each Indenture Trustee and any holder of Notes that wishes to assert a claim arising out of or relating to the Notes or the Indentures, other than a Debt Claim, shall be required to file a proof of claim on or before the Bar Date, unless another exception identified in this paragraph applies;

and it is further

ORDERED that, pursuant to this Court's order dated January 9, 2002 establishing and authorizing procedures for the rejection of executory contracts and unexpired leases of nonresidential real property (the "Contracts and Leases"), Claims arising out of rejection of Contracts and Leases must be filed with the Bankruptcy Court by the later of (i) the Bar Date applicable to the Debtor rejecting the Contracts and Leases or (ii) thirty (30) days after the effective date of rejection;[2] and it is further

ORDERED that each Proof of Claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date, and (iii) conform substantially with the Proof of Claim or Official Form No. 10; and it is further

ORDERED that any holder of a claim against a Debtor who is required to but fails to file a proof of claim for such claim in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped and enjoined from asserting such claim against such Debtor (or filing a proof of claim with respect thereto) and such Debtor and its respective property shall be forever discharged from any and all

---

[2] The effective date of rejection is the later of (a) the date of the rejection notice unless otherwise agreed, in writing by the Debtors and the counter-party to a particular Contract or Lease; (b) the date of surrender of leases premises, if applicable; and (c) in the case where a timely objection has been filed, the date determined by the Bankruptcy Court as set forth in the order overruling such objection.

indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote on any plan of reorganization or participate in any distribution in such Debtor's chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in a form substantially similar to the notice attached to the Motion as Exhibit "E" (the "Bar Date Notice"), which notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice if it is served by being deposited in the United States mail, first class postage prepaid, 45 days prior to the Bar Date relating to each respective Debtor, upon:

a. the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee");

b. each member of the Committee and the attorneys for the Committee;

c. the attorneys for the Employment-Related Issues Committee;

d. Harrison J. Goldin, the court appointed examiner for Enron North America Corp. (the "ENA Examiner");

e. Neal Batson, the court appointed examiner for Enron Corp. (the "Enron Examiner");

f. all known holders of Claims listed on the Schedules of those Debtors to which the respective Bar Date applies at the addresses stated therein;

g. certain potential creditors (including vendors, employees, and customers) who have done business with the Debtors within two years prior to the first Petition Date (i.e., December 2, 2002) but are not listed in the Schedules as having Claims;

h. the Internal Revenue Service;

i. the Securities and Exchange Commission; and

j.            all persons and entities requesting notice pursuant to Bankruptcy Rule 2002 as of the business day immediately preceding the mailing of the Bar Date Notice;

and it is further

ORDERED that, pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish the Bar Date Notices in substantially the form attached to the Motion as Exhibit "E" (as modified for publication, the "Publication Notice") in <u>The Wall Street Journal (National Edition)</u> and <u>The New York Times (National Edition)</u>, and locally in a newspaper within the geographic scope of the relevant Debtor, on at least one occasion at least twenty-five (25) days prior to the applicable Bar Date, which publication is hereby approved in all respects and which shall be deemed good, adequate and sufficient publication; and it is further

ORDERED that, in the event a Debtor amends or supplements its Schedules subsequent to the filing of its Schedules, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby and such holders shall be afforded thirty (30) days from the date on which such notice is given to file Proofs of Claim in respect of their claim or be forever barred from doing so; and it is further

ORDERED that the Debtors be, and hereby are, authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient and

proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which a holder of a claim not subject to the Bar Dates established herein must file such claim against the Debtors or be forever barred from voting upon any plan or plans of reorganization for such Debtors, from receiving any payment or distribution of property from any Debtors or their successors or assigns with respect to such claim, and from asserting such claim against any Debtor; and it is further

ORDERED that nothing in this Order shall preclude any Debtor from extending its respective Bar Date for any particular creditor upon filing with the Court a stipulation setting forth such extension, subject to notice and a hearing; and it is further

ORDERED that, notwithstanding anything contained herein to the contrary, the United States of America, on behalf of the Internal Revenue Service (the "IRS"), shall have until March 31, 2003 to file proofs of claim or interests against any of the Debtors (the "IRS Bar Date"); provided, however, that the foregoing is without prejudice to the IRS's right to seek, upon notice and a hearing, an extension of the IRS Bar Date and the right of the Debtors and the Creditors' Committee to object to any such extension request; and it is further

ORDERED that the requirement under Rule 9013 –1 (b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law is waived.

Dated:  August 1, 2002
       New York, New York

                                   **s/Arthur J. Gonzalez**
                                   UNITED STATES BANKRUPTCY JUDGE