Peter Nils Baylor, Esq. (PB 5248)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Telephone: (617) 439-2390
Facsimile: (617) 310-9390
E-mail: pbaylor@nutter.com

ATTORNEYS FOR STATE STREET BANK AND TRUST COMPANY
 AS THE INDEPENDENT FIDUCIARY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
:
In re: : Chapter 11
:
ENRON CORP., *et al.*, : Case No. 01-16034 (AJG)
:
Debtors. : Jointly Administered
:
---------------------------------------------------------- x

### INDEPENDENT FIDUCIARY'S JOINDER IN REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION FOR AN ORDER EXEMPTING CLASS CLAIMANTS FROM OCTOBER 15, 2002 DEADLINE FOR FILING PROOFS OF CLAIM AND REQUEST THAT EXEMPTION FROM BAR DATE INCLUDE INDEPENDENT FIDUCIARY

State Street Bank and Trust Company ("State Street") serves as the independent fiduciary for

- the Enron Corp. Savings Plan (the "Savings Plan"),
- the Enron Corp. Employee Stock Ownership Plan (the "ESOP")[1], and
- the Enron Corp. Cash Balance Plan (the "Cash Balance Plan")(collectively, the "Plans"),

pursuant to that certain Fiduciary Services Agreement (the "FSA") between State Street and Enron Corp. ("Enron" or the "Debtor") dated March 14, 2002, as amended by Amendment No. 1 to the FSA dated April 17, 2002, and approved by this Court by order entered April 19, 2002.

---

[1] Effective September 1, 2002, the ESOP was merged into the Savings Plan. State Street refers to these two Plans separately for the sake of clarity regarding their separate pre-petition (and pre-merger) claims.

State Street hereby joins in the Regents of the University of California's Motion for an Order Exempting Class Claimants from October 15, 2002 Deadline for Filing Proofs of Claim (the "*Newby* Motion"). State Street further respectfully requests that the exemption from the Bar Date sought by the *Newby* Plaintiffs be extended to include the Plans for which State Street serves as the Independent Fiduciary for the reasons and as set forth herein.

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 11 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. Commencing December 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On August 1, 2001, the Court entered the Order Pursuant to Bankruptcy Rules 2002(a)(7), 2002(l), and 3003(c)(3) Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Providing Notice Thereof (the "Bar Date Order"). Pursuant to the Bar Date Order, the deadline to file proofs of claim is set for October 15, 2002 at 5:00 p.m. (New York City Time) (the "Bar Date Order").

4. Prior to the Petition Date, certain plaintiffs filed actions against Enron Corp. and others asserting various claims for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.*, and other matters pertaining to Enron Corp. ERISA plans. These actions are consolidated in the Southern District of Texas and styled Tittle v. Enron Corp. et al., No. H-01-3913 (S.D.Tex.) ("*Tittle*" or the "*Tittle* Action"). On February 25, 2002, the

Bankruptcy Court granted stay relief to the *Tittle* plaintiffs to pursue these claims in the Southern District of Texas.

5. On October 1, 2002, the *Tittle* plaintiffs filed a motion in the *Tittle* court requesting class certification of the *Tittle* Action.

**Relief Requested**

6. State Street joins in the request for relief made in the *Newby* Motion. In addition, the reasons of procedural efficiency, cost effectiveness, and judicial economy, set forth in the *Newby* Motion in support of the relief requested are also applicable to the *Tittle* Action. The decision on class certification in the *Tittle* Action will assist State Street in determining more efficiently and economically whether any claims in addition to those asserted by the putative class in the *Tittle* Action should be filed in this Court by or on behalf of the Plans. Accordingly, State Street respectfully requests that the time for the filing of proofs of claim by the Plans be extended to thirty (30) days from and after the date the *Tittle* court enters its order determining, pursuant to Fed.R.Civ.P. 23, whether the Tittle Action is to be maintained as a Class Action.

**Notice**

7. As of the date hereof, no trustee has been appointed in these Chapter 11 cases. Notice has been given in accordance with the Court's Amended Case Management Order Establishing, Among Other things, Noticing Electronic Procedures, Hearing Dates, Independent Website and Alternative Methods of Participating at Hearings dated February 26, 2002. State Street submits that no other notice be given.

8. Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-(1)(b), because there are no novel issues of law presented herein, State Street respectfully requests that the Court waive the requirement of a Memorandum of Law.

DATED: October 7, 2002

    STATE STREET BANK AND
     TRUST COMPANY as the
     Independent Fiduciary for the Plans

    By its attorneys,

    **/s/ Peter Nils Baylor**
    Peter Nils Baylor
    Nutter, McClennen & Fish, LLP
    155 Seaport Boulevard
    Boston, MA 02210-2604
    (617) 439-2000
    pbaylor@nutter.com

1151567.1