UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| ENRON CORP., *et al.*, | : | Case No. 01-16034 (AJG) |
|  | : |  |
| Debtors. | : |  |

_____:

## ORDER REGARDING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HEARTLAND STEEL, INC., FOR RELIEF FROM AUTOMATIC STAY

Upon the Motion of The Official Committee of Unsecured Creditors of Heartland Steel, Inc.

("HSI" or "Movant") For Relief From Stay (the "Motion") and the accompanying brief (the "Brief")

both filed by the official committee of unsecured creditors (the "HSI Committee") appointed in HSI's

chapter 11 case pending in the United States Bankruptcy Court for the Southern District of Indiana; the

objections (collectively, the "Objections") filed by Enron North America ("ENA") and certain of its

affiliated entities (collectively,"Enron" or "Debtors") and the official committee of unsecured creditors

appointed in the above-captioned cases (the "Enron Committee"); the Reply of the Official Committee

of Unsecured Creditors of Heartland Steel, Inc. In Support Of Its Motion From Automatic Stay (the

"Reply"); and for the reasons stated in the Memorandum Decision Denying Motion To Enter An Order

That The Automatic Stay Does Not Bar The Continued Prosecution Of An Adversary Proceeding In

The United States Bankruptcy Court For The Southern District Of Indiana (the "Memorandum

Decision")[1] entered this date, it is hereby

---

[1] Unless otherwise noted, all capitalized terms shall have the same meaning ascribed in this Court's Memorandum Decision, entered this date.

ORDERED, that the relief requested by the HSI Committee is DENIED, it is further

ORDERED, that the automatic stay in the above-captioned cases applies to the Adversary

Complaint as against Enron, it is further

ORDERED, that the HSI Committee's request to terminate the automatic stay is denied as

moot, it is further

ORDERED, that the HSI Committee is directed to cease any act that may be violative of the

automatic stay in the above-captioned cases, it is further

ORDERED, that the HSI Committee will have until February 10, 2003 to request appropriate

relief to annul the automatic stay in the above-captioned cases; it is further

ORDERED, that if such motion to annul the automatic stay is filed, the HSI Committee is

directed to dismiss the balance of the remaining counts, if any, in the Adversary Complaint against

Enron not subject to such motion, and it is further

ORDERED, that in the absence of a motion to annul the automatic stay by February 10, 2003,

the HSI Committee is directed to dismiss all counts in the Adversary Complaint against Enron.

Dated:  New York, New York
        January 13, 2003


                                            /s/ Arthur J. Gonzalez
                                            UNITED STATES BANKRUPTCY JUDGE