WEIL, GOTSHAL & MANGES LLP
Attorneys for the Reorganized Debtors
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Martin J. Bienenstock (MB 3001)
Brian S. Rosen (BR 0571)
Melanie Gray (Pro Hac Vice)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x
: 
**In re** : **Chapter 11 Case No.**
: 
**ENRON CREDITORS RECOVERY CORP.,** : **01-16034 (AJG)**
f/k/a/ ENRON CORP., et al., : 
: **Jointly Administered**
Reorganized Debtors. : 
--------------------------------------------------------------- x

**NOTICE OF HEARING ON CORRECTED MOTION BY ENRON CAPITAL & TRADE RESOURCES INTERNATIONAL CORP. AND ENTERGY-KOCH TRADING LIMITED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

PLEASE TAKE NOTICE that on December 3, 2007, Enron Capital & Trade Resources International Corp. ("ECTRIC") filed a Motion (the "Motion") for an Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving a Settlement Agreement between ECTRIC and Entergy-Koch Trading Limited ("Entergy").

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion has been scheduled for a hearing before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, on December 13, 2007, at 10:00 a.m. (New York City Time), in Room 523 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local

Rules of the Bankruptcy Court, set forth the legal and factual basis therefor and be filed with the Bankruptcy Court electronically in accordance with General Order M-182 (General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.ucourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and be served in accordance with General Order M-182, and the Amended Case Management Order Establishing, Among Other Things, Noticing Electronic Procedures, Hearing Dates, Independent Website And Alternative Method Of Participation At Hearing, dated February 26, 2002 and upon (1) the Reorganized Debtors, Four Houston Center, 1331 Lamar Street, Suite 1600, Houston, Texas 77010, Attn: General Counsel; (2) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn.: Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq. (Facsimile: 212-310-8007), counsel to the Reorganized Debtors; and (3) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn: Mary Elizabeth Tom, Esq.; so as to be received no later than December 10, 2007, at 10:00 a.m. (New York City Time) (the "Objection Deadline").

Dated: New York, New York
December 6, 2007

By: /s/ *Melanie Gray*
Martin J. Bienenstock (MB 3001)
Brian S. Rosen (BR 0571)
Melanie Gray (Pro Hac Vice)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR REORGANIZED DEBTORS

WEIL, GOTSHAL & MANGES LLP
Attorneys for the Reorganized Debtors
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Martin J. Bienenstock (MB 3001)
Brian S. Rosen (BR 0571)
Melanie Gray (Pro Hac Vice)

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
ENRON CREDITORS RECOVERY CORP., : 01-16034 (AJG)
f/k/a/ ENRON CORP., et al., :
: Jointly Administered
Reorganized Debtors. :
----------------------------------------------------------- x

# CORRECTED MOTION BY ENRON CAPITAL & TRADE RESOURCES INTERNATIONAL CORP. AND ENTERGY-KOCH TRADING LIMITED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Enron Capital & Trade Resources International Corp. ("ECTRIC") files this corrected motion (the "Motion") pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Bankruptcy Rules") for approval of a settlement agreement with Entergy-Koch Trading Limited ("Entergy," and together with ECTRIC, the "Parties"). In support of this Motion, ECTRIC respectfully represents as follows:

## GENERAL BACKGROUND

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This Motion involves a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has retained jurisdiction to consider this matter pursuant to sections 38.1(j) and (k)

of the Plan and paragraphs 60(j) and (k) of the Confirmation Order (defined below). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

**A.     The Chapter 11 Cases**

2.     Commencing on December 2, 2001 (the "Petition Date"), and periodically thereafter, the Debtors filed voluntary petitions for relief under the Bankruptcy Code. The Debtors' chapter 11 cases were procedurally consolidated for administrative purposes.

3.     On February 11, 2002, ECTRIC, a Reorganized Debtor herein, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.     On July 15, 2004 (the "Confirmation Date"), the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Supplemental Modified Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated July 2, 2004 (the "Plan").[1]  The Plan became effective on November 17, 2004 (the "Effective Date"), and the Reorganized Debtors have emerged from chapter 11.

**B.     Transactions With Entergy**

5.     Enron Capital & Trade Resources Limited ("ECTRL"), ECTRIC and Entergy were parties to a master collateral and netting agreement dated October 26, 2001 (the "Agreement") pursuant to which ECTRIC posted collateral payments of £2,200,000 on October 31, 2001, and £2,800,000 on November 7, 2001 (collectively, the "Collateral").

6.     On November 28, 2001, Entergy terminated the contracts governed by the Agreement (the "Termination Letter"). Thereafter, on December 31, 2001, Entergy calculated

---

[1]     Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan.

certain close-out amounts under the Agreement and requested payment from ECTRIC (the "Close-out Letter").

7. The Parties disagreed with certain calculations in the Close-out Letter and the amount of Collateral that should be used to satisfy obligations under the Agreement. The Parties have resolved their disputes and have entered into an arms-length settlement agreement to resolve all issues related to the Close-out Letter and Collateral.

## THE SETTLEMENT AGREEMENT

8. The principal terms of the Settlement Agreement are as follows:[2]

   a. Payment. Entergy shall pay ECTRIC £2,000,000 and use the remaining Collateral to satisfy amounts owing under the Agreement; and

   b. Mutual Release. The Parties shall mutually release one another as set forth in the Settlement Agreement.

## RELIEF REQUESTED

9. By this Motion, ECTRIC respectfully requests that this Court enter the Proposed Order, attached hereto as Exhibit A, approving the Settlement Agreement pursuant to Bankruptcy Rule 9019.

## APPLICABLE AUTHORITY

10. Under the Federal Rules of Bankruptcy Procedure, the compromise and/or settlement embodied in the Settlement Agreement is contingent upon the Court's approval following notice and hearing. FED. R. BANKR. P. 9019. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Pursuant to Bankruptcy Rule 9019, the Bankruptcy Court has broad discretion to approve a settlement if it is

---

[2] This Motion contains a summary of the terms of the Settlement Agreement. To the extent that the summary contained herein differs from the Settlement Agreement, the Settlement Agreement shall govern in all respects. All capitalized terms used herein but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

fair and reasonable.  *See TMT Trailer Ferry*, 390 U.S. at 424; *In re Neuman*, 103 B.R. 491, 500 (Bankr. S.D.N.Y. 1989), *rev'd on other grounds*, 124 B.R. 155 (Bankr. S.D.N.Y. 1991).

11.     When deciding whether to approve a settlement, bankruptcy courts should evaluate:  (a) the probability of success in litigation, with due consideration for the uncertainty in fact and law; (b) the complexity and likely duration of litigation and any attendant expense, inconvenience and delay; (c) the proportion of creditors who do not object to, or who affirmatively support the proposed settlement; and (d) the extent to which the settlement is truly the product of arms' length bargaining and not the product of fraud or collusion.  *See In re Ashford Hotels, Ltd.*, 226 B.R. 797, 804 (Bankr. S.D.N.Y. 1998); *In re Best Prods. Co.*, 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994).  Consideration of these factors requires the Court to make an objective, informed comparison of the results of continued litigation versus the benefits of compromise.  *TMT Trailer Ferry*, 390 U.S. at 424.

12.     ECTRIC submits that the Settlement Agreement is fair and reasonable under the circumstances and does not unjustly enriches any Party.  The Settlement Agreement resolves the Parties' disputes regarding the Close-out Letter and Collateral without incurring additional costs and expenses associated with attendant litigation.  Any litigation between the Parties would be costly, time consuming, and would unnecessarily delay payment of the remaining Collateral to ECTRIC.

13.     The Settlement Agreement is the product of extensive arms' length good faith negotiations between the Parties.  Moreover, the Settlement Agreement falls well within the range of reasonableness, and represents a benefit to creditors and all parties in interest.  Therefore, ECTRIC submits that the Settlement Agreement is in the best interests of its estate.  *See In re Ashford Hotels, Ltd.*, 226 B.R. at 804; *In re Best Prods. Co.*, 168 B.R. at 50.

Accordingly, ECTRIC respectfully requests the Court to enter an order approving and granting them authority to execute the Settlement Agreement.

## NOTICE

14. Notice of this Motion has been given in accordance with Bankruptcy Rules 2002 and 9019, and Rule 9013(c) of the Local Bankruptcy Rules for the Southern District of New York and the Court's Amended Case Management Order Establishing, Among Other Things, Noticing Electronic Procedures, Hearing Dates, Independent Website and Alternative Methods of Participation at Hearings, dated February 26, 2002 and to the Parties and their attorneys. ECTRIC submits that no other notice need be given.

## WAIVER OF MEMORANDUM OF LAW

15. Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, ECTRIC respectfully request that the Court waive the requirement that ECTRIC file a memorandum of law in support of this Motion.

## NO PREVIOUS MOTION

16. No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, ECTRIC respectfully requests that the Court enter an order approving the Settlement Agreement and granting such other relief as is just and proper.

Dated: New York, New York
December 6, 2007

                        Respectfully submitted,

By: /s/ *Melanie Gray*
Martin J. Bienenstock (MB 3001)
Brian S. Rosen (BR 0571)
Melanie Gray (Pro Hac Vice)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR THE REORGANIZED DEBTORS

# EXHIBIT A

# PROPOSED FORM OF ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11 Case No.
                                                               :
ENRON CREDITORS RECOVERY CORP.,                                :   01-16034 (AJG)
f/k/a/ ENRON CORP., et al.,                                    :
                                                               :   Jointly Administered
        Reorganized Debtors.                           :
---------------------------------------------------------------x

# ORDER GRANTING THE MOTION BY ENRON CAPITAL & TRADE RESOURCES INTERNATIONAL CORP. AND ENTERGY-KOCH TRADING LIMITED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

Upon consideration of the motion (the "Motion")[1] filed by ECTRIC for approval of the Settlement Agreement; and it appearing that the approval of the Settlement Agreement is in the best interests of ECTRIC and its estate, creditors, and all parties in interest; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and that the Settlement Agreement is fair and reasonable; and good and sufficient notice of the Motion and the relief requested therein has been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is:

---

[1] Capitalized terms used but not defined herein have the same meanings as set forth in the Motion.

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, ECTRIC may enter into the Settlement Agreement; and it is further

ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law is waived.

Dated: New York, New York

_____, 2007

_____
HONORABLE ARTHUR J. GONZALEZ
UNITED STATES BANKRUPTCY JUDGE