**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>ENRON CREDITORS RECOVERY CORP., <u>et al.</u>,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 01-16034 (AJG) |

**ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN**
**ENRON CREDITORS RECOVERY CORP. AND WILMINGTON TRUST COMPANY**

Upon consideration of reorganized debtor Enron Creditors Recovery Corp.'s ("Enron") Motion Pursuant to Bankruptcy Rule 9019 for Approval of Settlement Between Enron Creditors Recovery Corp. and Wilmington Trust Company (the "Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and pursuant to section 38.1 of the Supplemental Modified Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated as of July 2, 2004; and it appearing that due and proper notice of the Motion and the relief requested therein having been given in accordance with this Court's Second Amended Case Management Order Establishing, Among Other Things, Noticing Electronic Procedures, Hearing Dates, Independent Website and Alternative Methods of Participation at Hearings, dated December 17, 2002, and no other or further notice need be given; and the relief requested in the Motion being in the best interests of Enron, its estate, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for relief granted herein and that the settlement is fair and reasonable, and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted in all respects; and it is further

**ORDERED** that the settlement agreement and limited mutual release between Enron Creditors Recovery Corp. and Wilmington Trust Company (the "Settlement Agreement") is authorized and approved pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED** that Enron is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

**ORDERED** that the Court shall retain exclusive jurisdiction to (i) enforce and implement the terms and provisions of the Settlement Agreement and (ii) resolve any disputes arising under or in connection with the Settlement Agreement and any related documents. Furthermore, the Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Order; and it is further

**ORDERED** that all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits. Those parties who did not object, or who withdrew their objections, to the Motion are deemed to have consented to the Motion; and it is further

**ORDERED** that the failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that Enron's implementation of the transactions contemplated in the Settlement Agreement be approved in its entirety; and it is further

**ORDERED** that the stay of this Order provided by the Bankruptcy Rules (including Bankruptcy Rule 6004) whether for ten (10) days or otherwise shall not be applicable to this Order, and this Order shall be effective and enforceable immediately upon entry.

Dated: New York, New York
April 10, 2008

**s/Arthur J. Gonzalez**
Honorable Arthur J. Gonzalez
United States Bankruptcy Judge