# Minutes of Proceedings

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------x
Date: **May 15, 2008**                                          :
---------------------------------------------------------------------------------x
In re:                                                          :
                                                                : Case No. 01-16034 **(AJG)**
ENRON CORP., *et al.*,                                          :
                                          Reorganized Debtors.  :
---------------------------------------------------------------------------------x

Present:       Hon. Arthur J. Gonzalez
               Bankruptcy Judge

Appearances:

   Finkel Goldstein Rosenbloom & Nash LLP
   Attorneys for Chambers County and
         City of Mont Belvieu
   New York, New York
         By:   J. Ted Donovan, Esq.
                     Of Counsel

   Weil Gotshal & Manges
   Attorneys for the Reorganized Debtors
   New York, New York
         By:   Brian Rosen, Esq.
                     Of Counsel


**Proceedings:**   ¤   **Motion by Chambers County and City of Mont Belvieu seeking entry of an Order Authorizing and Approving Filing of Amended Secured Tax Claim after October 15, 2002 under 11 U.S.C. § 502(b)(9) Notwithstanding Bar Date (the "Motion").**


**Orders:**        ¤   **For the reasons set forth on the record of the hearing conducted on May 15, 2008, a copy of which is attached hereto as Exhibit "A," the Motion is denied.**

_____

       FOR THE COURT: Kathleen Farrell, Clerk of the Court

       BY THE COURT:

       *s/Arthur J. Gonzalez*              05/15/2008           Jacqueline De Pierola
       United States Bankruptcy Judge      Date                 Courtroom Deputy

**Exhibit "A"**

Chambers County and City of Mont Belvieu, which are governmental units of the State of Texas (together, referred to as the "Taxing Entities"), are seeking entry of an order approving the late filing of a putative secured claim for taxes which was filed on or about March 15, 2008, almost 5½ years after the Bar Date for the filing of claims in the Debtors' bankruptcy cases. The proof of claim against the Reorganized Debtors, representing several accounts in the aggregate amount of $93,327.07, seeks payment for ad valorem obligations for pre-petition use of certain storage facilities, with a de minimis amount of the claim of about $8.52 for post-petition storage. The claim was initially filed as a pre-petition unsecured priority tax claim but was amended on March 18, 2008 to assert secured status, pursuant to certain sections of the Texas Property Tax Code.

The Taxing Entities seek relief for the late filing, pursuant to 9006 of the Federal Rules of Bankruptcy Procedure, alleging that the late filing was the result of excusable neglect. The asserted reason for the delay was that "the volume of the claims and proceedings caused these four accounts to be missed."

The late-filing claimant has the burden of proving excusable neglect. *Midland Cogeneration Venture Limited P'ship v. Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005). The factors considered in determining whether excusable neglect is present include

- the danger of prejudice to the opposing party, in this case the debtor
- the length of the delay and its potential impact on judicial proceedings,
- the reason for the delay, including whether it was in the reasonable control of the movant, and
- whether the movant acted in good faith.

*Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 228, (2d Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74

(1993)).

The Second Circuit has "focused on the third factor" as being given the greatest weight, *In re Enron Creditors Recovery Corp.* 370 B.R. 90 (Bkrtcy.S.D.N.Y.,2007) (citing, *Midland* 419 F.3d at 122). Thus, the critical inquiry is the reason for the delay, including whether the delay was in the reasonable control of the movant. *Midland Cogeneration Venture Limited P'ship v. Enron Corp.*, 419 F.3d 115 (2d Cir. 2005).

The Taxing Entities essentially assert that their failure to timely file the claim was the result of an oversight due to the volume of claims and proceedings filed by tax offices and jurisdictions for which they collect. They further assert that they acted in good faith.

In the context of the Reorganized Debtors' cases, the amount of the claim might not prejudice the debtors or other creditors nor have an appreciable effect on the efficient administration of the estate. However, the Reorganized Debtors note that thousands of claims against the Debtors have already been administered and that distributions have been made with parties relying on the recognized Allowed Claims.

Moreover, with respect to the most important factor - the reason for the delay, it does not appear that the failure to file was beyond the reasonable control of the claimants and there is simply no plausible reason proffered for the delay occasioned in this matter. The Taxing Entities were served with notice of the Bar Date Order. Further, the volume of work faced by an entity has not been recognized as a basis for finding excusable neglect. Moreover, even if the volume of work faced were a valid basis upon which to find excusable neglect, a delay of 5½ years is far beyond any reasonable allowance for the impact that the volume of work, or any other argued basis for the delay, would have had upon their ability to assert the claim during that period of

time.

Finally, even if the asserted claim were determined to be a secured claim, the Debtors were discharged, pursuant to the Plan and Confirmation Order, from all Claims, which included any secured claims that were not determined to be Allowed Secured Claims under the Plan.  As the claims were not listed by the Debtors nor were proofs of claim filed for them, they were not considered Allowed Secured Claims and there was a discharge of any such claims.  Pursuant to the Plan and Confirmation Order, the Taxing Entities were enjoined from taking action inconsistent with that discharge.  No stay of the Confirmation Order was sought.  Moreover, the Plan's Effective Date was over 3½ years ago.  As such, pursuant to section 42.1 of the Plan, title to assets and properties vested in the Reorganized Debtors free and clear of all liens, claims, and encumbrances.

Based upon the foregoing, the Court denies the Taxing Entities' Motion to Approve the filing of the Amended Secured Claim after the Bar Date.